Judge Mills
delivered the Opinion of the Court.
This is an action of debt brought in the circuit court, on a recognizance taken in th.e county court, binding the defendants below to pay so much money annually for a certain number of years, to support a bastard child, which one of them had been adjudged to support as the father, and the breaches assigned in the non payment of the annual instalments.
The defendants below demurred, and the court overruled the demurrer, and rendered judgment for the plaintiff; to reverse which, this writ of error is prosecuted, relying solely on the ground that the. court erred in overruling the demurrer.
The first question presented is, whether the instrument declared on is valid, because it is in the form of a recognizance acknowledged in court, and not sealed by the parties, and is not executed as an ordinary bond.
It is true that the act does direct bond with security to be taken, conditioned to abide, by and perform the order of the court. It is equally true, that, though a recognizance is truly held to be a bond of re* *213 cord, yet every bond taken in court may not be a recognizance, but may possess only the properties of ordinary bonds.
In cases of bastardy either a recognizance oi bond may be taken of the putative father.
An action may be maintained on the bastardy bond in the name of the Commonwealth, at the. relation and for the use of one to whom the co.unty court orders the money t$ be paid.
The action in ™°y benmintained on the recognizance
common law actions may be maintain,-, toryVonds' and recognisanees, tho’ fo^dieíbo given. The act to compel fathers of bastard children to maintain them is not penal.
*213 But it is also true, that the act speaks of either a bond or recognizance, and admits the validity of either as to remedies prosecuted thereon. Hence it has become the practice in many courts to take recognizances, which shews that the cotemporaneous exposition of the law has admitted recognizances to be valid, and we feel ourselves bound to follow this exposition, which took its rise from the terms of the act itself, and to hold such recognizances to be valid.
The order of the court directs the money to be paid to a certain individual named therein, to be applied by him to the support of the child, and this action is brought in the name of the Commonwealth, for the benefit of that individual as relator, and it is insisted that he cannot sustain the action. We think differently.
That the county court had the power to order the money to he thus paid cannot be questioned, and their having done so, gives him the legal right to it, to be disposed of, for the child, and we can perceive no reason why he should not be allowed to assert that right in a court of justice, by any remedy which the law might place in his power.
It is also urged that the remedy by action in the circuit court, cannot be maintained because the statute does not give it expressly; but points out a special remedy by notice and motion in the county court, and that such remedy is, therefore, unique and not cumulative; — that the act is penal, and must be construed strictly, and the circuit court has diction thereof.
_ It is true, the action on such recognizance or bond in any other court is not mentioned in the act. But it does not thence follow that such remedy does not exist.
It may he assumed as a general rule, that where any bond or recognizance takes its birth from an act of Assembly of a remedial nature, together with a peculiar remedy therein named to enforce it, that remedy is not always alone; but other remedies of *214 the common law attach, which arc attached to instruments of like character, and we see no good reason for making this recognizance an exception to that rule.
Actions on , recognizances and judgments of courts are not local or confined to the courts whose records they are.
Diversity between this case and ICon-nett and Ru-gate, 1 Mon.roe 1.
in that case (he act of % Dig. 975 which directed the bastardy and all other bonds hefore made payable to the Governor, to be thereafter taken to the commonwealth expressly gave the action on the bond, at the relation of all persons injured by a broach of its condition.
*214 The act has no restrictive expressions, and is not, as has been formerly held by this court, of a penal hut of a remedial character and designed to compel the father to perform an act of natural justice to his illegitimate and helpless offspring, and he ought, therefore, to be subject to the same remedies to recover this demand as he would be, if he had given this bond to perform it without compulsion.
The matter in dispute now is one completely within the general provisions of the laws defining the jurisdiction of the circuit courts, within their respective circuits, and therefore ought not to be withheld from them, unless the act of assembly contained restrictive expressions.
It would be necessary to shew that such a record would only authorize a local action. But this cannot be admitted. For altho’ the superior courts of Westminster Hall retained in Middlesex the jurisdiction of their own judgments and records when actions of debt were brought thereon, yet they would act on tiie judgments of each other, and support actions of debt on the records of inferior courts; and we perceive no reason for refusing to extend the jurisdiction of the circuit courts of this state thus far, when the acts granting them jurisdiction are very comprehensive in their terms, and no restriction is produced.
The Commonwealth, use of Kennett vs. Fugate* 1 Monroe 1, has been quoted and relied on as in point' and decisive against this action. Whatever may be the merits of (hat decision, it is clearly distinguishable from the present, and can have no bearing upon it.
That was an action against the sheriff and sureties, on their bond for the faithful collection and appropriation of the county levy, and was directed by the original act to be given to the justices of the county court. This is a bond to secure a sum for a specific purpose, and the original act directed the bond to be given to the Governor. Now it will be *215 found, that an act of assembly since passed, has made an important difference between bonds theretofore to be executed to the Governor? and those to be given,to the justices of the county court. The act is in 2 Dig. L. K. 975, and the first section reads thus:—
Whereas, the 8 } of the same act, which changed the obligee of the bunds of county collectors, from thejud.ic.es oí the county ta the commonwealth,has no such pro vision.
Here the action will lie in the name of the commonwealth, at the relation of the nominee of the county court, there h is otliertvise
“All bonds of a kind heretofore made payable to the Commonwealth, or to the Governor shall hereafter be made payable to the Commonwealth of Kentucky, and suits thereon shall be in the name of the Commonwealth, and be for the use of the Commonwealth, or for the benefit (as the case may be) if any person or persons deeming himself, herself, or themselves injured by a breach of the condition of any such bond, who may at his, her or their proper costs and charge, put the same in suit.”
While this provision changes the obligee of a bond to provide for the support of bastard children, by inserting the common weal tii instead of the Governor, it is amply sufficient to maintain this action? and may be held decisive of this controversy.
But bonds payable to the justices of the county court are left by the act, as to the actions which may be brought thereon, in the same situation, in which they were placed by their original statutes. For the 8th secton of the act just quoted declares that, “The bonds of guardians, of executors, and of administrators and others, who by law are required to execute a bond to the county court justices, shall be made payable to the commonwealth of Kentucky, instead of the justices, and may be proceeded on as heretoforeThis was the kind of bond on which the decision was rendered in the case of the Cómiftbnwealth use of Kennett vs. Fugate, to which the het quoted added no new remedies but left them as “heretofore,” and as the provisions of the original act gave no action of debt, the court there held that such action would not lie in favor of -one individual
In this case the bond is not only changed by thé 'act quoted, but the remedy by action thereon is expressly given, arid it would be disregarding the express words of the act were we to refuse to sanction this action. ’Each of these bends are regulated by
Caperton for plaintiffs/ Turner far defendant,
different statutes, and therefore may welj meet with a different decision, without any conflict in principle.
The judgment of the court below must therefore be affirmed, with costs.